UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00032-GNS

MOIRA COX                                                                                    PLAINTIFF

v.

FIRST FEDERAL SAVINGS BANK
OF ELIZABETHTOWN, INC. n/k/a
YOUR COMMUNITY BANK                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 9). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED.**

### I.     BACKGROUND

This action is brought to recover monetary damages for slander allegedly caused by Defendant First Federal Savings Bank of Elizabethtown, Inc. n/k/a Your Community Bank ("YCB") relating to the enforcement of a promissory note, guaranty, and mortgage against Plaintiff Moira Cox ("Cox") in Taylor Circuit Court. (Compl. ¶¶ 1-10, DN 1-2). The judgment was entered against Cox and other defendants relating to their interest in a piece of real property located in Campbellsville, Kentucky. The judgment was later corrected by post-judgment motion to exclude Cox from liability. (Compl. ¶ 15). Cox now claims she suffered injury as a result of YCB's communications to the Taylor Circuit Court and failure to cooperate in correcting the allegedly incorrect judgment against her. (Compl. ¶ 17).

## II. JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 as this case involves citizens of different states and the amount in controversy exceeds $75,000.

## III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

Defendant seeks dismissal of Cox's Complaint based upon the judicial statements privilege. (Def.'s Mem. in Supp. of Mot. to Dismiss 1-2, DN 9-1 [hereinafter Def.'s Mot.]). Cox asserts what appears to be a slander claim resulting from YCB's complaint and alleged subsequent failure to cooperate in correcting its judgment. (Compl. ¶¶ 5-11). The Court interprets the Complaint to reference the "communications" in this case between YCB and the

Taylor Circuit Court, rather than some unknown third-party. The Complaint states that YCB filed a lawsuit with the Taylor Circuit Court in which it named Moira Cox as a defendant, obtained a judgment against her which was later corrected by the Taylor Circuit Court, and "as a result of [YCB's] filing of a false and erroneous judgment" Cox suffered damages. (Compl. ¶¶ 5-17). Cox urges the Court to consider her claims to be based on alleged communications with a third-party credit reporting agency ("CRA"). (Pl.'s Resp. to Def.'s Mot. to Dismiss 9, DN 10 [hereinafter Pl.'s Resp.]). Cox's Complaint, however, makes no reference to any third-party CRA. Further, while Paragraph 15 states that YCB "communicated a false statement regarding Moira Cox" the Complaint indicates this communication was communicated to the state court, not any unnamed third party. (Compl. ¶¶ 15, 5-17). Thus, the Court only considers whether communications made between YCB and the Taylor Circuit Court are privileged. The Court determines that they are.

A communication is subject to absolute privilege as a judicial statement if: 1) the communication is made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as part of a judicial proceeding"; and 2) the communication is "material, pertinent, and relevant to the judicial proceeding." *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1127 (6th Cir. 1990)). "The existence of an absolute privilege is a question of law, to be determined by the trial judge, not the jury." *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 424 (Ky. 2010 (citing *Rogers v. Luttrell*, 144 S.W.3d 841, 844 (Ky. App. 2004)). In this case, both elements are satisfied.

First, the Court must determine whether the communications is part of a judicial proceeding. Clearly, YCB's complaint and entry of judgment in the Taylor Circuit Court action

were communications made in the context of a judicial proceeding, which satisfies the initial requirement.

The second requirement is also met. In general, the judicial statement privilege is to be interpreted broadly and liberally. *See Smith v. Martin*, 331 S.W.3d 637, 641 (Ky. App. 2011) (citations omitted). YCB's communications regarding Cox need bear only "some relation" to the underlying state court action and must have been made in good faith. *See Halle v. Banner Indus. of N.E., Inc.*, 453 S.W.3d 179, 188 (Ky. App. 2014). While Cox was not ultimately liable for the note or guaranty in the state court action, she nonetheless had an interest in the real property which was relevant to the state court proceeding foreclosing on all interest-holders in the subject real property. Cox's interest in that real property certainly related to YCB's action for enforcement of its mortgage on the property. Furthermore, Cox alleges no facts which plausibly indicate YCB made its allegations in bad faith as to negate YCB's privilege. *See id*.

Cox appears to base her claim entirely on statements made in YCB's amended complaint in its state court action. The Sixth Circuit has applied similar state law to find that "[i]t is beyond argument that statements made in pleadings filed in a judicial proceeding come within the rule of absolute privilege." *Theiss v. Scherer,* 396 F.2d 646, 649 (6th Cir.1968) (citation omitted). The Sixth Circuit has also applied *Theiss* to Kentucky defamation claims, finding that a plaintiff cannot bring a defamation action for statements made in the course of litigation even if the declarant making the statements knows the statements are false because "since they were made in reference to impending litigation, they are privileged." *Gen. Elec. Co.,* 916 F.2d at 1129 (quoting *Theiss*, 396 F.2d at 650 (McAllister, J., concurring)). Therefore, YCB's communications regarding Cox made before the Taylor Circuit Court are privileged.

Finally, Cox argues that a determination of privilege should not be made on a motion to dismiss. (Pl.'s Resp. 2-3). Other district courts in this circuit, however, have found that defamation claims may be dismissed based on the judicial statements privilege on motions brought under Rule 12(b)(6). *Baldwin v. Adidas Am., Inc.*, No. C2-02-265, 2002 WL 2012562, at *2-3 (S.D. Ohio, July 29, 2002); *Johansen v. Presley*, 977 F. Supp. 2d 871, 884 (W.D. Tenn. 2013); *Sawyer v. Mich. State Police*, 310 F. Supp. 2d 876, 878 (E.D. Mich. 2004). Consistent with the decisions of our sister courts, this Court will grant the YCB's motion and dismiss this action based upon the judicial statements privilege.

V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 9) is **GRANTED.**

**Greg N. Stivers, Judge**
**United States District Court**
August 5, 2016

cc: counsel of record